**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maxwell Monsanto, | ) | No. CV-09-01788-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| DWW Partners, LLLP, an Arizona limited liability partnership, d/b/a Right Honda; DWW AZ, Inc., an Arizona corporation, d/b/a Right Honda; David Wilson Automotive Group, a California corporation, d/b/a Right Honda, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Maxwell Monsanto brings this employment discrimination, retaliation, and constructive discharge action against defendants operating as Right Honda. The court has before it defendants' motion to compel arbitration and stay proceedings (doc. 11), plaintiff's response (doc. 16), and defendants' reply (doc. 19).

Defendants contend that plaintiff agreed to arbitrate employment-related disputes when he began employment at Right Honda, a car dealership, in October 2008. In support, they offer documents entitled "Employee Acknowledgment and Agreement" and "Comprehensive Agreement Employment At-will and Arbitration," both containing arbitration agreements and apparently signed by plaintiff on October 1, 2008. Plaintiff

responds with an affidavit from a forensic examiner opining that the signatures are probably not genuine based on a comparison with eight unidentified documents provided by plaintiff. Plaintiff also personally avers that he did not agree to arbitrate any employment dispute with Right Honda. He does not, however, aver that he did not sign either document. Plaintiff charges the defendants with manufacturing evidence and requests a jury trial to determine the validity of the arbitration agreements.

By way of reply, defendants offer a third arbitration agreement contained in plaintiff's application for employment and apparently signed by plaintiff on September 29, 2008. They also submit an affidavit from an examiner who reviewed over fifty documents from plaintiff's personnel file, including a variety of forms plaintiff apparently signed on October 1, 2008. The examiner claims to have identified the signatures on the application and the employee acknowledgment as plaintiff's. He also says that there is a strong probability that plaintiff signed the comprehensive agreement.

Because defendants have offered new evidence in their reply, we will grant plaintiff the opportunity to respond and to submit appropriate and specific affidavits.

**IT IS THEREFORE ORDERED** that plaintiff shall file a response to defendants' reply (doc. 19) no later than ten days from the filing of this order.

DATED this 1st day of December, 2009.

Frederick J. Martone
United States District Judge