**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maxwell Monsanto, | ) | No. CV-09-01788-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| DWW Partners, LLLP, an Arizona limited liability partnership, d/b/a Right Honda; DWW AZ, Inc., an Arizona corporation, d/b/a Right Honda; David Wilson Automotive Group, a California corporation, d/b/a Right Honda, | ) | |
| Defendants. | ) | |

We have before us defendant DWW AZ, Inc.'s motion for reconsideration (doc. 35). In our January 15, 2010 order granting defendant's motion to compel arbitration and stay proceedings (doc. 30), we set a June 1, 2010 deadline for the parties to complete arbitration. Defendant moves for this deadline to be reconsidered.

Defendant raises two new issues in support of a request that this case "be stayed pending completion of the arbitration, without limitation." Motion for Reconsideration at 8. First, it claims that an arbitration deadline contravenes the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, which allows for a stay "until such arbitration has been had in accordance with the terms of the agreement." The language of the FAA does not mandate arbitration without limitation. Second, defendant relies on Dean Witter Reynolds, Inc. v.

1 Byrd, 470 U.S. 213, 105 S. Ct. 1238 (1985), for the proposition that the FAA's goal of expeditiously resolving claims should give way when it conflicts with its goal of enforcing the terms of valid arbitration agreements. The parties' agreements do not call for arbitration without limitation. See Salazar-Burns Affidavit, Ex. A. Thus, there is no conflict.

Defendant's remaining concerns were raised at our Rule 16 scheduling conference held on January 15, 2010. We will not consider them again. See LRCiv 7.2(g) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

In the alternative, defendant requests an arbitration completion date of November 1, 2010. We deny this request.

Our deadline is designed to ensure that the parties do not drag their feet in arbitration. As long as this case is on our docket, the Civil Justice Reform Act applies. See 28 U.S.C. §§ 471-82. The Act encourages early, firm trial dates "scheduled to occur within eighteen months after the filing of the complaint." 28 U.S.C. § 473(a)(2)(B). Early arbitration fulfills the goals of both the Federal Arbitration Act and the Civil Justice Reform Act.

Accordingly, **IT IS ORDERED DENYING** defendant's motion for reconsideration (doc. 35). The June 1, 2010 arbitration completion date is affirmed.

DATED this 1st day of February, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge