**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxwell Monsanto, | No. CV-09-01788-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| DWW Partners, LLLP, an Arizona limited liability partnership, d/b/a Right Honda; DWW AZ, Inc., an Arizona corporation, d/b/a Right Honda; David Wilson Automotive Group, a California corporation, d/b/a Right Honda, | |
| Defendants. | |

The court has before it defendant DWW AZ, Inc.'s Motion to Stay the Court's January 15, 2010 Orders Pending Resolution of Appeal (doc. 40), plaintiff Maxwell Monsanto's response (doc. 43), and defendant's reply (doc. 48).

On January 15, 2010, we held a scheduling conference and entered Orders compelling arbitration and staying this case until June 1, 2010 (doc. 30), and setting June 4, 2010 disclosure deadlines (doc. 29). We explained that one of the goals of arbitration is to resolve disputes more efficiently than litigation. Thus, we crafted a schedule with sufficient time for the parties to arbitrate their dispute in good faith and deadlines to ensure that our ability to manage the parties' case efficiently would not be compromised in the name of efficiency. In a motion for reconsideration (doc. 35), defendant argued that our Orders were inconsistent

1   with the parties' arbitration agreements. It contended that the agreements require an
2   unlimited time in which to pursue arbitration. We denied defendant's motion because the
3   parties' agreements do not call for unlimited arbitration and the Federal Arbitration Act
4   ("FAA"), 9 U.S.C. §§ 1-16, does not mandate it. Moreover, we explained that our case
5   management deadlines were designed to comply with the Civil Justice Reform Act, 28
6   U.S.C. §§ 471-82, which encourages early, firm trial dates. Defendant then filed an appeal
7   on the theory that our Order granting a stay was, in fact, a refusal to grant a stay. Compare
8   9 U.S.C. § 16(b)(1) (disallowing an appeal from an interlocutory order granting an FAA stay)
9   with 9 U.S.C. § 16(a)(1)(A) (allowing an appeal from an order refusing an FAA stay).

10   Defendant now moves for a stay pending the resolution of its appeal. Of course, this
11   case is already stayed until June 1, 2010, which suggests that defendant's appeal is on infirm
12   ground at the outset. See 9 U.S.C. § 16(b)(1). As plaintiff points out, in the non-FAA
13   context of an appeal from an order compelling expedited arbitration on the grounds that it
14   was an injunction, the United States Court of Appeals for the Ninth Circuit found that "for
15   purposes of appealability, an order compelling efficient arbitration is no different from an
16   order compelling arbitration." Abernathy v. S. Cal. Edison, 885 F.2d 525, 529 (9th Cir.
17   1989). Even where an appeal on the issue of arbitrability is permitted, it does not
18   automatically divest a district court of jurisdiction. Britton v. Co-op Banking Group, 916
19   F.2d 1405, 1411-12 (9th Cir. 1990) (appeal from an order denying a motion to compel
20   arbitration). Instead, a district court may, in its discretion, enter a stay pending appeal. Id.
21   at 1412. While the parties agree that Britton does not squarely address the proper standard
22   to apply here, they disagree on the case's significance.

23   Relying on language in Britton suggesting that a substantial question on appeal is
24   necessary for a stay pending appeal, id., defendant contends that a substantial question is
25   sufficient for a stay. Plaintiff contends that a stay pending an appeal on the issue of
26   arbitrability is presumptively inappropriate after Britton. Neither contention is persuasive.
27   Britton does not hold that the general standard for a stay pending appeal is inapplicable in
28   the context of arbitration, and it cites a case applying it with approval. Id. (citing C.B.S.

Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp., 716 F. Supp. 307 (W.D. Tenn. 1989)). Therefore, we will apply the general standard: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, __ U.S. __, __, 129 S. Ct. 1749, 1761 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987)). In Nken, the United States Supreme Court acknowledged that these factors substantially overlap with the preliminary injunction factors from Winter v. Natural Resources Defense Council, Inc., __ U.S. __, __, 129 S. Ct. 365, 376-77 (2008), which were applied to a stay pending appeal in the Ninth Circuit before Nken. Humane Soc'y of the U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009).

To carry its burden, defendant must first show a strong likelihood of success on the merits and irreparable harm, which are the most critical factors. Nken, __ U.S. at __, 129 S. Ct. at 1761-62. It asserts that a district court may not limit the length of a stay pending arbitration based on "such discretionary considerations" as efficient case management, Motion at 12, because the FAA requires arbitration agreements to be enforced in accordance with their terms. Defendant relies on Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S. Ct. 1238 (1985), in which the Court rejected a doctrine disfavoring the arbitrability of otherwise arbitrable claims intertwined with nonarbitrable claims, even though the result was inefficient proceedings. The Court reasoned that a "conflict between two goals of the [FAA]–enforcement of private agreements and encouragement of efficient and speedy dispute resolution" did not require favoring the latter in order to conform with the intent of Congress. Id. at 221, 1242.

Here, enforcement of the parties' agreements does not conflict with the FAA's goal of efficiency because the parties did not agree to unlimited arbitration. Indeed, our Orders promote the efficiency goals of the FAA and the Civil Justice Reform Act, which are not merely discretionary considerations worthy of short shrift. Thus, defendant cannot show a

strong likelihood of success on appeal. Moreover, any harm defendant suffers from its failure to proceed with arbitration in good faith would be self-inflicted. It would not result from our Orders. Because defendant fails to carry its burden on the threshold factors for a stay pending appeal, we deny its motion.

We note that both parties accuse each other of failing to arbitrate. Plaintiff blames the failure on defendant's demand that he agree to dismiss his case before defendant pays the costs of arbitration. Defendant blames plaintiff for failing to pay the costs of an unlimited arbitral process. It is readily apparent that the parties do not intend to arbitrate their dispute under their agreements. This is further support for our approach putting a time limit on alternative dispute resolution.

**IT IS THEREFORE ORDERED DENYING** defendant DWW AZ, Inc's Motion to Stay the Court's January 15, 2010 Orders Pending Resolution of Appeal (doc. 40).

DATED this 7th day of May, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge